# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN KILEY SCHEFFLER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV409-119 |
| JAMES CAMON, *Warden* | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner John Kiley Scheffler filed the instant 28 U.S.C. § 2254 petition on July 10, 2009 challenging his April 29, 2005 Chatham County Superior Court conviction for burglary, forgery, and "theft by taking auto." Doc. 1 at 1. He seeks to proceed in forma pauperis. Doc. 2. Because he has demonstrated that he is unable to pay the filing fee, leave to proceed in forma pauperis is **GRANTED**. Nevertheless, because it appears from the face of his petition that he has failed to exhaust available state remedies, his petition should be summarily **DISMISSED**.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant

has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, Scheffler represents that he was convicted in 2005, doc. 1 at 1, took no direct appeal, *id.* at 2, filed a state habeas petition on September 18, 2006, and saw it denied on October 20, 2006. *Id.* at 3. He filed a second state habeas petition on May 8, 2007, but it also was denied. *Id.* at 4. He filed a third state habeas petition on July 17, 2007, raising grounds like "illegal and excessive sentence" and "ineffective assistance of counsel," *id.*, and apparently it has not yet been ruled upon. *Id.* ("never given a day in court after one year"). For all three petitions he indicates that he took no appeal. *Id.*

"Ground One" of his petition here complains that "I filed a habeas corpus in state court and have yet to get a court date. I filed 350 plus days ago. After speaking to the Georgia Department of Corrections legal aid, she said my remedy is now in federal habeas corpus action." *Id.* at 5.

Scheffler explains that he did not exhaust his claims in state court because "this is a new claim that did not exist at the time of my original grounds due to never given a court date." *Id.* at 5. His "new claim" evidently is the fact that the Georgia court has not yet ruled on his third petition. That is reflected in "Ground Two" of his petition here, where he asserts that he has been "denied access to the courts /5th Amendment [sic]of the United States Constitution." *Id.* at 6.

Thus, in Scheffler's opinion, the state court effectively has denied him due process by taking too long to rule, and he is therefore permitted to seek relief from this Court. *See also* Ground Three (raising an "illegal and excessive sentence" ground and explaining that he attempted to exhaust this claim but "was never given a court date within a year after filing" -- hence, the state court is taking too long to rule). *Id.* at 8; *see also id.* at 9 (alleging that he filed a state habeas petition in Lanier County Superior Court but no opinion has issued, "filed a year ago"); *id.* at 10 ("I attempted to [exhaust his Ground Four issue] by filing a habeas corpus and was never given a court date within a year of filing"); *id.* at 12 (same response for "Ground Five"); *id.* at 15 (same).

Scheffler seeks the following relief: "Petitioner is nearly finished serving his 3 to 4 year sentence and only seeks that the conditions of his probation be made reasonable. The petitioner's payments are nearly impossible. See 'Attached accounting.'" *Id.* at 16.[1] He wants "community service removed," and "fines and fees restructured to acomidate [sic] restitutions to all be consolidated to a reasonable amount, i.e., one payment." *Id.* He thus seeks to bypass his state court remedy and ask a federal habeas court to revise his *state* criminal court sentence to his liking.

Scheffler's petition is somewhat problematic. First and most obviously, he has not exhausted his state habeas court remedies. Moreover, it is not clear if Scheffler even understands that the usual course is to exhaust his state-court remedies, and thus reap discrete benefits like a more developed record, before proceeding to federal court with his claims. But given his announced, "nearly finished" *custodial* portion of his sentence, a jurisdictional question will arise if this Court dismisses his petition for lack of exhaustion and Scheffler later refiles it while he is *not* in custody.

---

[1] No accounting is attached to Scheffler's petition.

4

To that end, federal courts have jurisdiction to review habeas petitions only from state court prisoners who are "in custody." *See* § 2254(a) ("The Supreme Court . . . a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in *custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

"Over time," in that regard, "§ 2254's custody requirement [has been] expanded to pertain not only to incarceration, but to terms of probation and parole." *Massey v. Brooks*, 2007 WL 3231702 at * n. 1 (E.D.Pa. Oct 29, 2007) (unpublished); *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) (the term "custody" defines not only physical confinement, but also includes circumstances entailing such limitations on a person's liberty as those imposed during parole); *Hensley v. Mun. Court*, 411 U.S. 345, 351 (1973) (habeas petitioner released on own recognizance, but who suffered restraints on freedom of movement not shared by public generally, met "in custody" requirement).

Scheffler nominally meets § 2254's "custody" requirement because he alleges that he was in custody at the time he filed this petition, though

he will be released soon. *Cf. Obado v. New Jersey*, 328 F.3d 716, 717 (3rd Cir. 2003) (restitutionary payments being made by a petitioner *after* he completed his state prison sentence did not satisfy the custody requirement of the federal habeas corpus statute when he was no longer subject to the terms of his probation).[2]

For that matter, the record does not show whether petitioner faces re-incarceration or some other restraint on his liberty should he fail to make restitution. The Court will presume the facts in favor of jurisdiction under 28 U.S.C. § 2254. *See Fowler v. Sacramento County Sheriff's Dep't*, 421 F.3d 1027, 1033 n. 5 (9th Cir. 2005) (Federal court had jurisdiction to hear petition for habeas relief brought by petitioner convicted of California offense of annoying or molesting a minor, even though petitioner was no longer in prison or on probation; petitioner was

---

[2] In fact,

> [s]everal courts have held that a fine-only conviction is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas corpus statutes, 28 U.S.C. §§ 2254 and 2255. *See, e.g., Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir.1997); [*Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir.1984)] (citing cases). Particularly relevant to the instant case is the reasoning in *Tinder*, where the First Circuit held that continuing liability under a restitution order was, "like a fine-only conviction, . . . not a serious restraint on . . . liberty as to warrant habeas relief." *Id.* at 805.

*Obado*, 328 F.3d at 717.

on probation at time he filed his petition, and he remained subject to adverse consequences of the conviction inasmuch as he continued to be subject to California's sex offender registration requirement); *Williams v. Wisconsin*, 336 F.3d 576, 579-580 (7th Cir. 2003) (a challenge to a restriction imposed by his parole, a ban on international travel, should have been presented in a habeas corpus action rather than a 42 U.S.C. § 1983 action; nevertheless, the court considered the claim on its merits and rejected the constitutional claim under § 1983).[3]

Second, and again, if Scheffler's petition must be dismissed for lack of exhaustion (meaning, he must first present these claims to the state

---

[3] Courts must police the dividing line between § 2254 and §1983 actions:

> For prisoners, the difference between a civil rights action and a collateral attack is easy to describe. Challenges to conditions of confinement (such as pollution in the prison or deliberate indifference to serious medical needs) fall under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Attacks on the fact or duration of the confinement come under § 2254. *Id.*; *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir.2000) (per curiam). For parolees, the question is more metaphysical, because the "conditions" of parole are the confinement. Requirements that parolees stay in touch with their parole officer, hold down a job, steer clear of criminals, or (as in Williams's case) obtain permission for any proposed travel outside the jurisdiction, are what distinguish parole from freedom. It is because of these restrictions that parolees remain "in custody" on their unexpired sentences and thus may initiate a collateral attack while on parole. *See Jones v. Cunningham*, 371 U.S. 236, 242-43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963); *see also Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam).

*Williams*, 336 F.3d at 579.

7

courts, including seeking "acceleration-relief" from the Georgia appellate courts), then it is unlikely that he will (if he is taken at his word) still be "in custody" by the time he refiles here.  Thus, he will face "custody/jurisdiction" analysis at that time, which warrants Scheffler's careful consideration for, as is explained *infra*, he may elect to bypass his state court remedies.  Accordingly, this Court will caution Scheffler and give him a chance to consider which path to take -- i.e., dismiss for lack of exhaustion or press on and bypass exhaustion.

To be sure, this case in fact suffers from lack of exhaustion.  By his own admission, Scheffler has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court.[4]  The one-year delay of which Scheffler complains *could* be

---

[4] Most probably he has procedurally defaulted his claims by repeatedly failing to appeal adverse rulings against him within the state court system.  That, however, is a defense for the State to raise once this Court authorizes service upon the respondent under 28 U.S.C. § 2254 Rule 4.  *See generally* FEDERAL HABEAS MANUAL § 9B:89 (*Procedural default defense must generally be asserted in government's first responsive pleading*) (June 2009) ("Generally, the government is required to assert any procedural default defense in its first responsive pleading, which is the answer."); *Esslinger v. Davis*, 44 F.3d 1515, 1524 n.32 (11th Cir. 1995).

In addition, it seems likely that Scheffler would be time-barred by § 2244(d)(1), but the record is not developed here and there is always the possibility of an exception. *See, e.g., Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009) ("where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2244(d)(1)(A).");

enough to invoke this Court's jurisdiction,[5] but there are consequences that he must first consider before knocking on this Court's door. For one thing, he generally has but one bite at the federal habeas apple. Suppose he presents claims here that were not fully developed in state court and this Court rules against him on the merits? Such a ruling likely would be based on an incomplete state-court record development, and there may

---

*Hollinger v. Secretary Dept. of Corrections*, 2009 WL 1833746 (11th Cir. Jun 26, 2009) (unpublished) (equitable tolling).

[5] As explained elsewhere, an

> [i]nordinate delay in the state court proceedings may justify waiver of exhaustion. *Ingram v. South Carolina*, 164 F.3d 624 [Table], 1998 U.S.App. LEXIS 26544, 1998 WL 726757 (4th Cir. Oct.18, 1998). *See also Patterson v. Leeke*, 556 F.2d 1168 (4th Cir.1977); and *cf. United States v. Johnson*, 732 F.2d 379, 381 (4th Cir.1984).

*Straws v. Padula*, 2009 WL 691190 at * 2 (D.S.C. Mar. 16, 2009) (unpublished); *see also* 28 U.S.C. § 2254(b)(1)(B)(ii) (allows for an application for federal habeas corpus where "circumstances exist that render such process ineffective to protect the rights of the applicant."); *Smith v. Kansas*, 356 F.2d 654, 657 (10th Cir. 1966) (a delay of more than one year in processing a post conviction application entitled a petitioner to seek federal habeas relief); *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1991) (if state's delay is unjustifiable court must hear habeas petition on its merits; "a three-and-one-half-year delay is . . . inordinate. . . ."); *see generally* FEDERAL HABEAS MANUAL (*Exception: excessive delay in the state court review process*) § 9C:47 (June 2009) ("The unjustified delay by a state court in adjudicating a direct criminal appeal or post-conviction review petition may give rise to both a due process violation and relief from the exhaustion requirement."); 17B WRIGHT & MILLER, FED. PRAC. & PROC. JURIS.3D § 4264.2 (*Exhaustion of State Remedies--The Background--Opportunity for State to Act*) (2009) ("Thus, if there is undue delay between the prisoner's application to the state courts and final disposition of it there, the federal courts consider that the state corrective process is ineffective to protect the rights of the prisoner and will pass on a habeas corpus petition.").

be matters helpful to him here that need to be in that record. Scheffler would then obviously be prejudiced by prematurely litigating his habeas claims in this Court. Nevertheless, he retains a bypass option.[6]

Scheffler thus must tread cautiously here, and for that reason the Court recommends -- if Scheffler does not express an interest in bypassing exhaustion, *see supra* n. 6 -- dismissal without prejudice. *See Cook v. Florida Parole and Prob. Com'n*, 749 F.2d 678, 680 (11th Cir. 1985) (per curiam) (nearly three and one-half year delay did not excuse exhaustion where the failure to resolve the state's motion was attributable to initial clerical error, the state's desire to grant prisoner full and fair hearing requiring his presence, and the prisoner was incarcerated in a different state on a separate charge); *see also Perry v. Jones*, 437 F.2d 758, 759 (5th Cir. 1971) (per curiam).

---

[6] Ordinarily, "when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion. *Rose v. Lundy*, 455 U.S. 509, 519-20, 102 S.Ct. 1198, 1203-04, 71 L.Ed.2d 379 (1982)." *Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008). But a petitioner "can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Rose*, 455 U.S. at 520. Scheffler should be given 15 days from the date this Order is served upon him to make that election, and if the Court does hear not from him within that period then it should dismiss his petition on non-exhaustion grounds.

Should Scheffler refile his § 2254 petition here after this Court dismisses it,[7] he would then have to make the required § 2254(b)(1)(B)(ii) showing by demonstrating that "circumstances exist that render such process ineffective to protect the rights of the applicant" (in addition to demonstrating "custody jurisdiction"). Note that if the state habeas court denies Scheffler's latest state habeas petition, he must then petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition before he can proceed in this Court. *Pope v. Rich*, 358 F.3d 852, 853-54 (11th Cir. 2004).

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. How the Court should dismiss the petition will be driven by the course Scheffler chooses here. He should be given 15 days from the date this Report and Recommendation is served upon him to communicate his "exhaustion election" to the Court (which he may do by simply filing a brief declaring that he wishes to bypass his state court

---

[7] There is no "successive writ" concern here, nor any sort of "*Castro* warning" requirement, since at most the Court will be dismissing Scheffler's §2254 petition without prejudice. *See Bakenhus v. Rivera*, 2009 WL 559925 at *2 (D.S.C. Mar 3, 2009) (unpublished).

remedies).  If the Court does not hear from him within that period, then it should **DISMISS** his petition **WITHOUT PREJUDICE** on non-exhaustion grounds.  Meanwhile, the Court should **DENY** Scheffler's motion (doc. 6) to compel Respondent to respond to his petition.

**SO REPORTED AND RECOMMENDED** this <u>14th</u> day of August, 2009.

<u>/s/ G. R. SMITH</u>
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**
